**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES FRANK SPENCE, | No. 09-16784 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-01987-GEB-JFM |
| v. | |
| ALEXANDER HICKMAN, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted November 29, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Charles Frank Spence, a California state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury

conviction of murder and robbery with a special circumstances finding. Because

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the facts are known to the parties, we repeat them only as necessary to explain our decision. We affirm.

Spence argues that he was denied due process and the right against self-incrimination because he "was induced into making an incriminating statement by the false and misleading assertion of an arresting detective that he did not need an attorney to assist during the investigation." The California Court of Appeal concluded that there was no uncontroverted evidence showing that such a statement was made in Spence's presence, and Spence is unable to show that this conclusion "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Even if the state court's determination were incorrect, there is still no ground for affording Spence habeas relief because no clearly established Supreme Court precedent deems testimony involuntary where, before issuing a *Miranda* warning and obtaining a waiver, a police officer opines in a suspect's presence that the suspect does not need an attorney. *See id*. § 2254(d)(1) (permitting grant of federal habeas petition where adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court").

Spence next argues that there was insufficient evidence to support his murder conviction and special circumstances finding under *Jackson v. Virginia*, 443 U.S. 307 (1979). The state did not have to adduce evidence demonstrating that the murder actually assisted the robbery's commission, but only proof that the killing was committed by him or his accomplice acting in furtherance of their common design. *See People v. Washington*, 62 Cal. 2d 777, 783 (1965). Based on the evidence presented, a reasonable juror could have so found beyond a reasonable doubt. *See Jackson*, 443 U.S. at 324 ("[An] applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."). Also, a reasonable juror could have determined, as required for the special circumstances finding, that Spence acted as a major participant with reckless disregard for human life, by procuring and giving a loaded gun to his accomplice for the purposes of committing a robbery.

Spence finally contends that his counsel rendered ineffective assistance by not investigating and presenting evidence that Spence's conduct before the shooting was at most mere preparation, which Spence claims was his strongest defense. *Strickland v. Washington*, 466 U.S. 668 (1984), requires that a habeas petitioner demonstrate both that his trial counsel's performance "fell below an

objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 688, 694. Spence did not show that the California court was objectively unreasonable in determining that he was not prejudiced by counsel's purported errors. *See Bell v. Cone*, 535 U.S. 685, 698–99 (2002) (requiring that federal habeas petitioner show that state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner"). As the district court observed, because the jury found that Spence had robbed the victim, Spence cannot show that a defense of mere preparation would have changed the outcome of his case. We decline to grant relief on Spence's ineffective assistance of counsel claim.

**AFFIRMED.**

4